# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv43

| | |
|---|---|
| **BEVERLY & CAREY CRESPO,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **OCWEN LOAN SERVICING, LLC,** | ) |
| et al., | )<br>) |
| Defendants. | )<br>) |

Pending before the Court is the Motion to Dismiss [# 19]. Plaintiff moves to Dismiss Defendant Christina Trust, a Division of Wilmington Savings Fund Society FSB ("Christina Trust") as a Defendant in this action. In addition, this case is before the Court on the Court's January 3, 2017, Order to Show Cause. Upon a review of the record and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 19]. In addition, the Court **RECOMMENDS** that the District Court **DISMISS** Defendant Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic") as a result of Plaintiffs' failure to comply with this Court's Show Cause Order.

## I. Background

Plaintiffs brought this action on February 26, 2016, alleging violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act. Defendants Ocwen and Mortgage Electronic moved to dismiss the claims asserted against them in the Complaint. In response to the Defendants' motion, Plaintiffs requested leave to amend the Complaint to correct any deficiencies and additional time to re-serve Defendants. The Court then granted Plaintiffs leave to amend the Complaint and granted Plaintiffs an extension of time to perfect service of process on Defendants. (Order, Aug. 29, 2016, ECF No. 8.) Specifically, the Court directed Plaintiffs as follows:

> The Court **DIRECTS** Plaintiffs that they shall have ten (10) days from the entry of this Order to amend their Complaint if they decide to do so. Plaintiffs shall have thirty (30) days from the entry of this Order to perfect service on Defendants. If Plaintiffs fail to perfect serve within this thirty day period, the Court will recommend that the District Court dismiss this action. The Court **DENIES without prejudice** the Motion to Dismiss [# 3]. Defendants may renew their motion after the expiration of the thirty day period.

(Id.)

Subsequently, Plaintiffs filed an Amended Complaint on September 13, 2016. Plaintiffs, however, did not file any proofs of service with this Court. Accordingly, the Court then entered a Show Cause Order on January 3, 2017.

(Order, Jan. 3, 2017, ECF No. 12.)  In its Show Cause Order, the Court directed Plaintiffs as follows:

> Previously, the Court granted Plaintiff leave to file an Amended Complaint and granted Plaintiff an additional thirty days to perfect service on Defendants.  Plaintiffs filed their Amended Complaint on September 13, 2016.  To date, however, Plaintiff has not filed any proof of service with this Court and it appears to the Court that Plaintiffs failed to comply with the Court's August 29, 2016, Order and perfect service on Defendants. . . . The Court **DIRECTS** the parties to **SHOW CAUSE** in writing by January 20, 2017, whether the Court should recommend to that the District Court that it dismiss this case for failure to perfect service.  Specifically, Plaintiffs should demonstrate that they complied with the Court's prior Order and perfected service on Defendants.  The failure of Plaintiffs to do so will result in this Court entering a Memorandum and Recommendation recommending that the District Court dismiss this case for failure to perfect service.

(Id.)

In response to the Court's Show Cause Order, Defendants requested that the Court dismiss this case because of Plaintiffs' failure to perfect service on them or even attempt to serve the Amended Complaint on them as directed by the Court's August 29, 2016, Order.  Plaintiffs responded to the Show Cause Order by filing proofs of service from the original Complaint prior to the entry of the Court's Order to perfect service on Defendants.  In addition, Plaintiffs moved to dismiss Defendant Christina Trust as a defendant in this action.  This action is now before the Court on the Motion to Dismiss and the Court's Show Cause Order.

## II. Analysis

### A. Defendant Christina Trust

Plaintiffs named Christina Trust as a Defendant in this action. Plaintiffs now request that the Court dismiss without prejudice Defendant Christina Trust as a Defendant in this action. (Pls.' Resp. Def. Christina Trust's Order Show Cause, Feb. 2, 2017, ECF No. 19.) The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 19] and **DISMISS** Christina Trust as a Defendant.

### B. The Remaining Defendants

From a review of the record, it is clear that Plaintiffs failed to comply with this Court's August 29, 2016, Order and perfect service of process on Defendants Ocwen and Mortgage Electronic. In fact, it appears that Plaintiffs undertook no actions at all to attempt to perfect service of the Amended Complaint on either of these Defendants as directed by the Court. Because Plaintiffs failed to show cause that they complied with this Court's prior Order, the Court **RECOMMENDS** that the District Court **DISMISS** this action without prejudice pursuant to Rule 4(m)

## III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 19] and **DISMISS** Defendant Christina Trust without prejudice. The Court **RECOMMENDS** that the District Court **DISMISS without prejudice** the claims

against Defendants Ocwen and Mortgage Electronic pursuant to Rule 4 and for failure to comply with this Court's prior Order.

Signed: March 9, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).