UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00043-MOC-DLH

| | | |
|---|---|---|
| **CAREY A CRESPO**<br>**BEVERLY CRESPO,** | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| Vs. | )<br>) | ORDER |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; AND CHRISTINA TRUST,** | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). While no objections have been filed within the time allowed, plaintiffs filed a "Reply to Response in Opposition" (#25), which addresses arguments made by defendants to the Honorable Dennis L. Howell, United States Magistrate Judge. The Court has fully considered that filing. For the reasons that follow, the Court affirms the proposed dismissals.

**FINDINGS AND CONCLUSIONS**

**I.      Applicable Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no

1

factual issues are challenged, *de novo* review of the record may be dispensed with." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." <u>Id.</u> Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II.    Discussion

### A.    Background

As to the recommendation concerning the corporate defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. (hereinafter "the corporate defendants"), the recommended dismissal is based on Judge Howell's conclusion that the *pro se* plaintiffs did not comply with the first Order requiring service of defendants within the time provided and for failure to comply with the Show Cause Order. Specifically, after defendants filed, a Motion to Dismiss under Rule 12(b)(5) and plaintiffs responded by seeking leave to amend and to "re-serve," Judge Howell held as follows:

> Upon a review of the record and the relevant legal authority, including Rule 15 of the Federal Rules of Civil Procure, the Court GRANTS Plaintiffs leave to amend their Complaint and an extension of time to perfect service of process on Defendants. The Court DIRECTS Plaintiffs that they shall have ten (10) days from the entry of this Order to amend their Complaint if they decide to do so. Plaintiffs shall have thirty (30) days from the entry of this Order to perfect service on Defendants.

Order (#8) at 2. Plaintiffs filed their Amended Complaint (#9) on September 13, 2016, by

delivering it to the Clerk of Court in Asheville.[1]

After review of the pleadings, the Court agrees with Judge Howell that plaintiff have failed to perfect service on the corporate defendants at any point in this litigation. Service of a party is "perfected" when a properly executed "proof of service" is filed with the court in accordance with Rule 4(l), therein showing that plaintiffs served the defendant in accordance with Rule 4(h). Even after Judge Howell allowed plaintiffs additional time to serve their Amended Complaint, it was apparent that proper service had not been made. Rather than recommend dismissal at that point, Judge Howell allowed plaintiffs a further opportunity to show compliance by entering a Show Cause Order (#12), which directed them to explain why they had not fully complied with the previous Order. Defendants timely filed a "Response to Order to Show Cause" (#13) and therein argued why the action should be dismissed.

In responding to the Show Cause Order, plaintiffs filed two documents, which the Court considers to be certificates or proofs of service (#15 and #16). The first Proof of Service (#15) appears to show service of Christina Trust. The second Proof of Service (#16) indicates that a private process server served a legal assistant at the law firm representing the corporate defendants on January 11, 2017. Plaintiffs also filed a Response (#19) and also explained that they would have served the corporate defendants' lawyers earlier, but they moved their offices.

B.   **Dismissal of Christina Trust**

While labeled as a Response (#19), Judge Howell correctly determined that such pleading contained a Rule 41 request for voluntary dismissal by plaintiffs of defendant Christina Trust.

---

[1]   As Judge Howell elected to run a deadline by a number of days that was not a multiple of weeks (which would have made the deadline fall on the same day as the Order based on the multiple), the Court has applied the counting rules found in Rule 6(a)(1), Federal Rules of Civil Procedure, and determined that the last day for filing the Amended Complaint was September 8, 2016. While the September 13, 2016, filing was not timely, Judge Howell made clear in both the Show Cause Order and the Memorandum and Recommendation that his recommended dismissal was is in no manner based on the timeliness or untimeliness of the filing of the Amended Complaint.

Judge Howell recommends that such request be allowed. After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will affirm the Memorandum and Recommendation and grant relief in accordance therewith.

C. **Dismissal of the Corporate Defendants**

Judge Howell also recommends dismissal of the corporate defendants. Such recommendation is supported by plaintiffs' non-compliance with the deadlines for service imposed by the first Order (#8) and on plaintiffs' failure to properly serve the corporate defendants at any point.

In his recommendation, Judge Howell advises that "Plaintiffs responded to the Show Cause Order by filing proofs of service from the original Complaint prior to the entry of the Court's Order to perfect service on Defendants." M&R (#24 at 3). While the Proof of Service (#15) as to the Christina Trust appears to be related to service of the original Complaint, the Proof of Service (#16) as to the corporate defendants dates from a time after Judge Howell's Order, as it concerns purportedly "completed" service on January 11, 2017, well after the Amended Complaint was filed. Close review of that Proof of Service (#16) does, however, reveal that plaintiffs attempted to serve the Summons issued February 26, 2016, which was process issued well before the September 13, 2016, Amended Complaint was filed. It is unclear from that proof of service whether the process server served the original Complaint or the Amended Complaint, or both.

While it is implicit in that Order that plaintiffs had 30 days within which to serve the Amended Complaint, it is arguable that the *pro se* plaintiffs were confused as they attached a Certificate of Service to the Amended Complaint showing service of defendants' counsel. Even

4

if the Court were to put aside the fact that plaintiffs failed to perfect Rule 4 service of the Amended Complaint within 30 days, it appears that the manner of service was insufficient to confer jurisdiction as service of the attorneys for corporate parties was improper.

Service of process on corporate defendants is governed by the Federal Rules of Civil Procedure. Rule 4(h)(1) of the Federal Rules of Civil Procedure. Rule 4(h) provides in part:

> Unless ... the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ....

Fed.R.Civ.P. 4(h). Rule 4(e)(1) adopts the service requirements of state law "where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).

In turn, Rule 4(j)(6) of the North Carolina Rules of Civil Procedure sets forth the manner in which a party must serve process on a corporation. N.C.R.Civ.P. 4(j)(6). North Carolina Civil Rule 4(j)(6) provides for service, as follows:

> Upon a domestic or foreign corporation by one of the following:
> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this subsubdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.R.Civ.P. 4(j)(6).

The Court can find no case that provides that attempted service of a corporate defendant's lawyers, who have made a limited appearance on behalf of a corporation to seek dismissal for insufficient service under Rule 12(b)(5), meets either Rule 4(h) of the Federal Rules of Civil Procedure. See In re Four Seasons Sec. Laws Litig., 63 F.R.D. 115, 122 (W.D. Okla. 1974) (holding that "where a defendant has not been served with process … service on counsel who are representing that defendant in other cases in the multidistrict proceeding is not sufficient service of process on him unless his attorney is authorized by appointment or by law to receive service of process" (citations omitted)). As one court has described it well, "[w]hen the Federal Rules call for service upon a party as a precondition to the court's obtaining *in personam* jurisdiction, service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process, or it is otherwise authorized by law." Miree v. United States, 490 F. Supp. 768, 775 (N.D. Ga. 1980) (citations omitted).

At this point, the Court believes that absent plaintiffs' pro se status, it would be wholly appropriate to dismiss the case as to the corporate defendants for lack of proper service and failure to comply with Judge Howell's Order. Indeed, it is readily apparent that plaintiffs only attempted to serve the Amended Complaint under Rule 4 *after* the Show Cause was entered and then did so in a manner that flatly failed to comply with either the Federal or North Carolina rules governing service of corporate defendants.

Despite the appropriateness of the recommendation, the Court finds that even a dismissal without prejudice would "probably lead to the reinstitution of the suit ... [thereby] needlessly burden[ing the plaintiffs] with additional expense and delay [while] postpon[ing] the adjudication of the controversy's merits." Montgomery, Zukerman, Davis, Inc. v. Die penbrock, 698 F.Supp.

1453, 1459 (S.D.Ind.1988) (citation omitted).  Indeed, the very case this Court cited in finding that service of a corporate defendant's lawyers is improper cautions that a case should not be dismissed for insufficient service unless the defendant has been seriously prejudiced as a result of the mistake or of the delay in fixing it.  Miree, 490 F.Supp. at 776.  Closer to home, the Fourth Circuit has long held the tendency toward leniency is particularly strong in cases where the defendant has either received actual notice of the pendency of the action, or is unable to demonstrate any prejudice from a delay in service.  Karlsson v. Rabinowitz, 318 F.2d 666, 688–69 (4th Cir.1963).  Here, it is clear that the corporate defendants have had actual notice of the lawsuit since April 2016.  Further, as this Court's colleagues have found, "courts will generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process," before dismissing a complaint under Rule 12(b)(5).  Thomas v. Nelms, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013).

      Allowing plaintiffs a further opportunity to perfect service is also warranted by a reading of pleadings in their totality.  Although not argued by plaintiffs, it is plausible that they mistook the Judge Howell's initial instructions concerning "service" as being an instruction that "service" be made in accordance with Rule 5 inasmuch as the Order did not specify service under Rule 4 and the Amended Complaint was "a pleading filed after the original complaint." Fed.R.Civ.P. 5(a)(1)(B).  Indeed, there is some support for that possibility as plaintiffs attached to the Amended Complaint a Rule 5(c)(1) "Certificate of Service" indicating that the Amended Complaint was served on defense counsel. See Amended Complaint (#9 at 14).

      Despite the correctness of Judge Howell's recommendation and the thoroughness of his efforts, the Court will -- in an abundance of caution -- attempt one-last-time to make clear to plaintiffs how they should go about serving the remaining corporate defendants in accordance with Rule 4.  After defendants are properly served, the Court can consider the merits of the Amended

Complaint under Rule 12(b)(6) or, if an Answer if filed, after joinder of the issues.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#24) is **AFFIRMED** in part, and the plaintiffs' Response, deemed to be a voluntary Motion to Dismiss (#19) is **GRANTED,** and defendant Christina Trust is **DIMISSED** without prejudice. The further Recommendation of dismissal without prejudice as to defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. is **OVERRULED** at this time; however, the prior service of the corporate defendants is **QUASHED.**

**IT IS FURTHER ORDERED** as follows:

(1) in accordance with Rule 4(m), the time for serving the previously issued summons(es) and a copy of the Amended Complaint as to defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. is **ENLARGED** up to and inclusive of April 28, 2017;

(2) plaintiffs shall attach a copy of their Amended Complaint to each summons and cause such to be served on each defendant, as follows: (1) a copy of the summons and Amended Complaint must be served on Ocwen Loan Servicing, LLC; and (2) a separate copy of the summons and the Amended Complaint must be served on defendant Mortgage Electronic Registration Systems, Inc. Such service must be made in the manner provided under Rule 4(h), Federal Rules of Civil Procedure, which also allows for service under North Carolina Rule of Civil Procedure 4(j)(6). Plaintiffs are specifically advised that service of defendants' attorneys in this matter is not sufficient service <u>unless those defendants consent to service in that manner</u>;

(3) plaintiffs shall have up to and inclusive of April 28, 2017, to properly serve such process on defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc.; and

(4) plaintiffs shall have up to and inclusive of May 10, 2017, to file with this Court Proof of Service as required under Rule 4(l), Federal Rules of Civil Procedure.

Signed: March 29, 2017

_____
Max O. Cogburn Jr.
United States District Judge