IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-43

| | |
|---|---|
| BEVERLY CRESPO and CAREY A. CRESPO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>) |
| OCWEN LOAN SERVICING, LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>and BANK OF AMERICA, N.A., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following:

(1) a Motion to Dismiss Plaintiffs' Second Amended Complaint (# 33) filed by Defendant Bank of America, N.A.; and

(2) a Motion to Dismiss (# 35) filed by Defendants Mortgage Electronic Registration Systems, Inc. and OCWEN Loan Servicing, LLC.

In response, Plaintiffs filed an "Opposition to Defendants' Motion to Dismiss" (# 37). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth, this Court recommends that the Motions to Dismiss (# 33, # 35) be granted.

## I. Procedural Background

### A. The Complaint

On February 26, 2016, Plaintiffs proceeding pro se filed their Complaint (# 1) in this Court. Plaintiffs are residents of Jackson County, North Carolina. (# 1, # 27) Plaintiffs named the following as Defendants: Christina Trust, a Division of Wilmington Savings Fund Society, as

Trustee of the ARLP Trust ("Christina Trust"); OCWEN Loan Servicing, LLC ("OCWEN"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs alleged entitlement to relief based on the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").

On April 27, 2016, Defendants MERS and OCWEN filed a Motion to Dismiss the Complaint (# 3). In response, Plaintiffs sought leave to amend their Complaint (# 4). On August 29, 2016, the Court granted Plaintiffs leave to amend with instructions on how to achieve proper service of both the Complaint (# 1) and the Amended Complaint (# 8). Plaintiffs were given ten days from the date of the entry of the Order to file an Amended Complaint and thirty days from the date of entry of the Order to perfect service (# 8). September 8, 2016, was the deadline for the filing of the Amended Complaint, and September 16, 2016, was the deadline for Plaintiffs to obtain service on Defendants.

### B. The First Amended Complaint

On September 13, 2016, Plaintiffs filed their First Amended Complaint (# 9) naming the following as defendants: Christina Trust, OCWEN, and MERS. The First Amended Complaint was filed five days after the September 8, 2016, deadline (# 9). In the First Amended Complaint, Plaintiffs abandoned their previous causes of action and alleged entitlement to relief on the following bases: (1) fraudulent misrepresentation, (2) declaratory relief, and (3) conversion. Plaintiffs asserted that this Court had jurisdiction over the matter based upon diversity jurisdiction.

Plaintiffs did not perfect service of the First Amended Complaint on Defendants. On November 4, 2016, Plaintiffs filed a Motion for Entry of Default (# 10). On January 3, 2017, the undersigned denied the Motion for Entry of Default and entered a Show Cause Order (# 12), which directed Plaintiffs to demonstrate how they had complied with the Court's instructions regarding

service of the First Amended Complaint and how they had perfected that service (# 12). Defendants responded to the Show Cause Order (# 12) and argued that Plaintiffs had failed to serve Defendants with the First Amended Complaint (# 9), and Plaintiffs had not filed any proof of such service (# 13, # 14).

On January 19, 2017, Plaintiffs filed what they contended were proofs of service upon Christina Trust of the Complaint (# 1) and Summons by delivery of such documents to a receptionist named Patty Smith (# 16) and service on MERS by delivery to Tim Renner, who is stated to be general counsel. Plaintiffs further contended they had served OCWEN with the original Complaint (# 1) on April 12, 2016, by delivery to Jeff McCabe, a paralegal. Another document (# 17) was filed by Plaintiffs showing service of a summons issued on February 26, 2016, on Michael Griffin. Said service having been accomplished on January 11, 2017, by delivery to Donna Holdren, a legal assistant (# 17). In sum, Plaintiffs never lawfully served a copy of their First Amended Complaint (# 9) on any Defendant.

On January 20, 2017, Plaintiffs filed a Response to the Order to Show Cause (# 18) and a pleading entitled, "Response to Defendant Christina Trust's Order to Show Cause, Request for Dismissal and Addition of Doe 1" (# 19). In these pleadings Plaintiffs attempted to dismiss their claims against Christina Trust and asked for a summons to be issued to Bank of America, N.A. ("BANA"), even though no pleading had been filed presenting a cause of action against BANA.

On March 9, 2017, the undersigned filed a Memorandum and Recommendation (# 24) recommending that an Order be entered dismissing Plaintiffs' Complaint (# 1) and First Amended Complaint (# 9) because Plaintiffs' failed to obtain and perfect service of those pleadings.

On March 29, 2017, United States District Judge Max O. Cogburn, Jr. entered an Order affirming in part and overruling in part the Memorandum and Recommendation (# 26). In Judge

Cogburn's Order, the claims against Christina Trust were dismissed without prejudice. Judge Cogburn overruled the Memorandum and Recommendation to dismiss the case against Defendants OCWEN and MERS. Judge Cogburn quashed the alleged prior service upon OCWEN and MERS and gave the Plaintiffs the following instructions:

> (1) in accordance with Rule 4(m), the time for serving the previously issued summons(es) and a copy of the Amended Complaint as to defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. is **ENLARGED** up to and inclusive of April 28, 2017;
>
> (2) plaintiffs shall attach a copy of their Amended Complaint to each summons and cause such to be served on each defendant, as follows: (1) a copy of the summons and Amended Complaint must be served on Ocwen Loan Servicing, LLC; and (2) a separate copy of the summons and the Amended Complaint must be served on defendant Mortgage Electronic Registration Systems, Inc. Such service must be made in the manner provided under rule 4(h), Federal Rules of Civil Procedure, which also allows for service under North Carolina Rule of Civil Procedure 4(j)(6). Plaintiffs are specifically advised that service of defendants' attorneys in this matter is not sufficient service <u>unless those defendants consent to service in that manner</u>;
>
> (3) plaintiffs shall have up to and inclusive of April 28, 2017, to properly serve such process on defendants Ocwen Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc.; and
>
> (4) plaintiffs shall have up to an inclusive of May 10, 2017, to file with this Court Proof of Service as required under 4(l), Federal Rules of Civil Procedure. (#26)

### C. The Second Amended Complaint

Instead of following Judge Cogburn's detailed instructions regarding service of the First Amended Complaint (# 9), on May 1, 2017, Plaintiffs filed their Second Amended Complaint (# 27). In the Second Amended Complaint, Plaintiffs list as defendants BANA, OCWEN, and MERS. Plaintiffs allege entitlement to relief on the following bases: (1) fraudulent misrepresentation, (2) breach of the implied covenant of good faith and fair dealings, and (3) conversion. Plaintiffs assert that this Court has jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On June 2, 2017, Defendant BANA filed a Motion to Dismiss the Second Amended Complaint (# 33) based upon insufficiency of process, insufficient of service of process, and lack of personal jurisdiction. On June 5, 2017, Defendants OCWEN and MERS filed a Motion to Dismiss (# 35) regarding Plaintiffs' Second Amended Complaint (# 27) based on Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

## II. Discussion

### A. Plaintiffs filed their Second Amended Complaint without obtaining leave of court.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides as follows:

Amended and Supplemental Pleadings

(a) **Amendments Before Trial**.
 (1) *Amending as a Matter of Course*. A party may amend its pleadings once as a matter of course within:
  (A) 21 days after serving it, or
  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
 (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

From the record, it appears Plaintiffs never complied with Judge Cogburn's order, which directed Plaintiffs to serve the First Amended Complaint (# 9) on Defendants OCWEN and MERS on or before April 28, 2017. Thus, by the time Plaintiffs filed their Second Amended Complaint (# 27), which added an additional party, that being BANA, the time for service of the First Amended Complaint (# 9) had expired and Plaintiffs could only file the Second Amended Complaint (# 27) with leave of court. Plaintiffs did not seek such leave. As a result, the Second

Amended Complaint (# 27) is without legal effect. Cont'l Illinois Nat. Bank & Trust Co. of Chicago v. Four Ambassadors, 599 F. Supp. 534, 537–38 (S.D. Fl. 1984); see John Hopkins Univ. v. Hutton, 40 F.R.D. 338, 349 (D. Md. 1966). Therefore, the undersigned will recommend that the Motions to Dismiss of BANA (# 33) and OCWEN and MERS (# 35) be granted.

>    **B. Even if properly filed, Plaintiff's Second Amended Complaint defeats this Court's diversity jurisdiction.**

Even if Plaintiffs' Second Amended Complaint (# 27) had been properly filed, the undersigned finds that the pleading would defeat this Court's jurisdiction over the Plaintiffs' claims. In the First Amended Complaint (# 9) and Second Amended Complaint (# 27), Plaintiffs contend that jurisdiction exists in this Court by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332. By adding the additional defendant, BANA, in the Second Amended Complaint (# 27), Plaintiffs have alleged facts that defeat jurisdiction.[1] In particular, both Plaintiffs and Defendant BANA are citizens and residents of the State of North Carolina. BANA's principal place of business is located in the State of North Carolina. Moreover, BANA is incorporated under the laws of the State of North Carolina and has its headquarters and principal place of business in Charlotte, North Carolina. Julian v. Bank of America, N.A., No. 3:16-CV-173-RJC, 2017 WL 3971280, at *3 (W.D.N.C. Sept. 8, 2017).

A federal court's diversity jurisdiction provides an alternative to bringing a case in state court if the amount in controversy exceeds $75,000 and there is complete diversity among the parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978). Complete diversity means that no plaintiff is a citizen of the same state as any defendant. UMLIC Consolidated, Inc. v. Spectrum Financial Services Corp., 665 F. Supp. 2d 528, 531–32 (W.D.N.C. 2009). If the Second Amended Complaint is considered as filed, this Court would not have jurisdiction in this

---

[1] Plaintiffs' claims in the Second Amended Complaint (# 27) are all state law claims.

matter, and the Second Amended Complaint (# 27) should be dismissed.  See Martinez v. Duke Energy Corp., 130 Fed. Appx. 629, 634–35 (4th Cir. 2005) (outlining the rationale for not allowing plaintiffs to initially sue diverse defendants only to later circumvent diversity jurisdictional requirements by amending the complaint); Drye v. Bankers Life & Cas. Co., No. 3:05-CV-115, 2006 WL 2077563, at*3 (W.D.N.C. Mar. 29, 2006).

### C. The First Amended Complaint was never properly served.

The First Amended Complaint (# 9) has never been served by Plaintiffs upon Defendants OCWEN and MERS.  Plaintiffs were given written instructions by this Court on two occasions (# 8, # 12) regarding the necessity of complying with the law regarding the proper service of the Complaint (# 1), or the First Amended Complaint (# 9) upon the Defendants OCWEN and MERS.  Plaintiffs have failed to comply with either Order (# 9, # 12).

United States District Judge Max O. Cogburn, Jr., a kind and benevolent jurist, provided Plaintiffs with a third opportunity to serve Defendants with the First Amended Complaint (# 9).  Judge Cogburn provided detailed and explicit instructions to Plaintiffs regarding the proper way to accomplish service.  Plaintiffs ignored Judge Cogburn's instructions and the time limits provided to them to obtain such service have expired.  Plaintiffs, instead, without permission of the Court, filed a Second Amended Complaint (# 27) that added an additional party and changed Plaintiffs' allegations.

This Court is cognizant that pro se plaintiffs should be given a chance to remedy technical insufficiencies. See Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013).  In this case, however, this Court is of the opinion that providing three separate opportunities to Plaintiffs to obtain proper service with specific instructions being provided to

Plaintiffs on each occasion are sufficient for any litigant, including pro se parties. The undersigned will recommend to the District Court that Plaintiffs' First Amended Complaint (# 9) be dismissed.

## III. Conclusion

In light of the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss (# 33) and (# 35) and **DISMISS WITHOUT PREJUDICE** the claims against Defendants BANA, OCWEN, and MERS pursuant to Federal Rules of Civil Procedure 4 and 12(b)(2), (b)(4), (b)(5) and also for failure to comply with this Court's and the District Court's prior orders directing Plaintiffs to obtain proper service of their pleadings.

Signed: January 23, 2018

Dennis L. Howell
United States Magistrate Judge

**Time For Objections**

The parties are hereby advised that, pursuant to 289, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days** of service of same.  Responses to the objections must be filed within **fourteen (14) days** of service of the objections.  Failure to file objections to this Memorandum and Recommendation with the District Court will preclude the parties from raising such objections on appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).